Cite as: 565 U. S. ____ (2011)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 11A501

_____

## JOHN DOE #1, ET AL. *v.* SAM REED, WASHINGTON SECRETARY OF STATE, ET AL.

ON APPLICATION FOR INJUNCTION

[November 21, 2011]

The application for an injunction presented to JUSTICE KENNEDY and by him referred to the Court is denied. JUSTICE KAGAN took no part in the consideration or decision of this application.

JUSTICE ALITO, dissenting from denial of injunction.

In *Doe* v. *Reed*, 561 U. S. ___ (2010), the Court rejected petitioners' facial challenge to the Washington law authorizing the disclosure of referendum petitions but assured petitioners that the disclosure could be blocked if a proper party could show that compelled disclosure would result in "threats, harassment, or reprisals." *Id.,* at ___ (slip op., at 12). Today's order reveals that this assurance was empty.

On remand, the District Court rejected petitioners' as-applied challenge, relying primarily on a highly questionable interpretation of our precedents. The District Court reasoned that only a select few organizations—what the court termed "minor" political parties and "fringe" groups—may challenge the disclosure of the names of persons who sign a referendum petition. Case No. C09–5456 (WD Wash., Oct. 17, 2011), pp. 13–15. If a referendum succeeds or nearly succeeds (or if the referendum supports a position that has not been historically vilified), then, according to the District Court, disclosure of the names of the citizens who signed the petition cannot be shielded no matter how strong the evidence of threatened

retaliation or how severe the nature of the threats. *Id.*, at 15. Whether this is a correct interpretation of our cases presents an important question that merits serious appellate review.

The alternative basis for the District Court's holding—that petitioners did not present sufficient evidence of threatened harm—also presents an important legal issue, namely, the type and quantity of proof that persons objecting to disclosure must adduce. As Judge N. R. Smith observed below, petitioners adduced evidence that some supporters of the referendum "received death threats," "had their children threatened," and suffered various indignities, No. 11–35854 (CA9, Nov. 16, 2011), p. 8 (dissenting opinion), but according to the District Court, this was not enough. Whether the standard of proof applied by the District Court provides any real protection for persons who are threatened with retaliation for asserting their First Amendment rights is an important issue that merits considered appellate review.

There has been no such review in this case. When petitioners took an appeal to the Ninth Circuit, the panel denied the stay application over Judge Smith's protest that the majority had "race[d] to decide the case at [a] preliminary stage based on incomplete information and without even reviewing the record." *Id.*, at 3.

This Court now takes a similar approach. Particularly since the referendum at issue went down to defeat more than two years ago, the Court's haste is hard to understand. I would grant a stay at least until the Court has had an opportunity to review the record and to consider the parties' arguments.